**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10469 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01202-DJH-1 |
| v. | |
| JOSE RAMON CEBREROS-SANCHEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted August 14, 2020
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,** District
Judge.

Jose Ramon Cebreros-Sanchez appeals his 360-month sentence for

conspiracy to possess with intent to distribute methamphetamine between July 20

and August 3, 2016, and conspiracy to possess with intent to distribute marijuana

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

between July 9 and August 3, 2016.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts of this case, we recite only those necessary to resolve the issues on appeal.

1.      The district court did not err by including as relevant conduct the transaction involving four pounds of methamphetamine that Cebreros-Sanchez and his co-conspirator discussed on the July 27 wiretap.  *See* U.S.S.G. § 2D1.1(c); *see also id.* § 1B1.3.  The July 27 transaction was an act "committed . . . by the defendant," *id.* § 1B1.3(a)(1)(A), that occurred "during the commission of the offense of conviction," *id.* § 1B1.3(a)(1), and thus was properly included as relevant conduct to determine Cebreros-Sanchez's base offense level.[1]

2.      The district court did not err by applying the three-level enhancement for Cebreros-Sanchez's aggravated role as a manager or supervisor.  U.S.S.G. § 3B1.1(b).  The record evidence shows that, at a minimum, Cebreros-Sanchez exercised control over his brother by instructing him to act as a courier to deliver methamphetamine to Cebreros-Sanchez's co-conspirators and other buyers, and determined the amount of money his brother would receive for doing so.  *See*

---

[1]      We need not decide whether the district court properly included the four pounds from the September 10 transaction as relevant conduct in light of defense counsel's concession at oral argument that the record in this case does not show that those four pounds change the outcome.

*United States v. Gagarin*, 950 F.3d 596, 606 (9th Cir. 2020); *United States v. Rivera*, 527 F.3d 891, 908–09 (9th Cir. 2008).

**AFFIRMED.**